# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN HATCHER,

      Plaintiff,

v.

CHRISTOPHER SALDANA, KELLY BARTAZACK, and HOLLY FERRY,

      Defendants.

Case No. 20-CV-1806-JPS
Seventh Cir. Case No. 21-3104

**ORDER**

## 1.  INTRODUCTION

On December 8, 2020, Plaintiff Brian Hatcher, an inmate confined at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). The Court screened Plaintiff's complaint and dismissed it. Plaintiff now moves the Court to reconsider its decision. (Docket #15).

## 2.  LEGAL FRAMEWORK

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a

motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1),(6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

## 3. BACKGROUND

Plaintiff alleges that Defendants Christopher Saldana ("Saldana"), Kelly Bartazack ("Bartazack"), and Holly Ferry ("Ferry"), all of whom are Wisconsin Department of Corrections ("DOC") probation officers, violated his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments when they revoked his "street-time" credit—which the Court infers to mean extended supervision credit—and sentenced him to more time in prison. (Docket #1 at 2-3). Specifically, Plaintiff alleges that, in November 2011, Ferry and the DOC revoked eleven months of his extended supervision credit and sentenced him to prison for one year and one month. (*Id.* at 2). Next, Plaintiff states that, in June 2015, Bartazack revoked seven months of his extended supervision credit and sentenced him to one year and six months in prison. (*Id.*) Lastly, Plaintiff alleges that, in March 2019, Saldana revoked two years and four months of extended supervision credit and sentenced him to two years and one month in prison. (*Id.*) In total, Plaintiff contends that although he was only sentenced to five years'

extended supervision, he spent four-and-a-half years in prison due to the extended supervision revocations. Plaintiff seeks relief compelling the DOC to stop removing his street-time credit and monetary damages of $10,000,000. (*Id.* at 4).

**4. ANALYSIS**

In the present case, the Court dismissed Plaintiff's actions for two reasons. First, as to Ferry, the Court determined that the statute of limitations had run on the claim Plaintiff attempted to bring against her. (Docket #13 at 3–4). Plaintiff does not challenge the Court's finding on this issue.

Second, the Court determined that the claims against Bartazack and Saldana were barred by absolute immunity. (*Id.* at 4) (citing *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) ("Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'"); *Mays v. Johnson*, No. 18- CV-1769, 2020 WL 4904075, at *3 (E.D. Wis. Aug. 20, 2020) ("In [recommending revoking the plaintiff's extended supervision and incarcerating him], [the defendant] was engaged in a quasi-judicial function for which she is protected by absolute immunity.")). Plaintiff argues that the Court misunderstood his complaint. Quoting *Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004), Plaintiff states that "[i]ncarcerating a prisoner beyond the termination of his sentence without penological justification violates the Eighth Amendment prohibition of cruel and unusual punishment when it is the product of deliberate indifference." (*See* Docket #15 at 5). While this statement of the law is accurate, the court in *Russell* was concerned with prison officials—not probation and parole officers. 300 F. Supp. 2d 716 at 720. "[C]laims against jailers for confinement beyond the term of a sentence

typically involve qualified, not absolute, immunity." *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685–86 (7th Cir. 2010). As in the present case, claims against probation and parole officers who had a hand in revoking and extending sentences are subject to absolute immunity. *See, e.g.*, *Weso v. Thomson*, No. 19-C-404, 2020 WL 3509612, at *3 (E.D. Wis. June 29, 2020), *appeal dismissed*, No. 20-2293, 2020 WL 8102960 (7th Cir. Aug. 20, 2020). The Court did, in fact, understand Plaintiff's complaint as alleging that Defendants improperly *extended* (not revoked) his sentence. But Defendants are entitled to absolute immunity.

5. **PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE**

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. *Id.* § 1915(b)(1).

After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). The agency which has custody of

the prisoner will collect the money and send payments to the court. No payment is required in months when the plaintiff's preceding month's income is $10.00 or less. *Id.*

There are three grounds for denying a prisoner appellant's request to proceed *in forma pauperis*: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See id.* §§ 1915(a)(2)–(3), (g). The Court finds that Plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether Plaintiff filed this appeal in good faith.

A party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) ("[A] plaintiff who. . .was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith."). A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (quotation omitted); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court finds that Plaintiff's appeal is taken in good faith. His motion claims that this Court improperly dismissed his complaint because he "didn't state [his] claim clear enough for the Judge" and the Court misunderstood his claims. (Docket #20 at 1). Plaintiff presented this argument to the Court in his motion to reconsider, (Docket #15), and, while this Court did not accept it as a valid argument, perhaps the higher court will find something in Plaintiff's briefing that this Court could not. In light of the exceedingly lenient standard of review and Plaintiff's comprehensive submissions, the Court is satisfied that Plaintiff's appeal is taken in good faith. He will, therefore, be permitted to proceed on appeal *in forma pauperis*.

Along with his request to proceed *in forma pauperis*, Plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. (Docket #21). A review of this information reveals that Plaintiff is required to pay an initial partial filing fee of $20.51, as well as additional payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds*, *Walker*, 216 F.3d 626. Plaintiff must pay this amount within thirty days from the date of this Order or his appeal may be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #15) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to Without Prepayment of the Filing Fee (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that by **February 9, 2022**, Plaintiff shall forward to the Clerk of Court the sum of $20.51 as the initial partial filing fee in this appeal. Plaintiff's failure to comply with this order may result in

dismissal of his appeal. The payment shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge